FILED
December 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003148202

EDDIE R. JIMENEZ (CA SBN 231239)
MATTHEW R. CLARK (CA SBN 271054)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for   WELLS FARGO BANK, NA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>SEAN PATRICK SOLOMON AND KAREN J. SOLOMON,<br><br>Debtor(s). | Case No. 10-37438<br><br>Chapter 13<br><br>D.C. No. PD-1<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| WELLS FARGO BANK, NA,<br><br>Movant,<br><br>vs.<br><br>SEAN PATRICK SOLOMON AND KAREN J. SOLOMON, Debtor(s); LAWRENCE J. LOHEIT, Chapter 13 Trustee,<br><br>Respondents. | LBR 4001-1 and 9014-1(f)(1)<br><br>DATE:        January 18, 2011<br>TIME:         1:00 p.m.<br>CTRM:        33<br><br>501 "I" Street<br>Sacramento, CA 95814 |

I, Teresa Diaz-Cochran, declare:

1)     I am employed as a VP Loan Documentation by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Movant").  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion.

- 1 -

1  2)   I am familiar with the manner and procedures by which Movant's business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by Movant's employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to Movant's business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

3)   On or about September 15, 2004, Sean Patrick Solomon and Karen J. Solomon ("Debtors"), for valuable consideration, made, executed and delivered to E-Loan, Inc. ("Lender") a Note in the principal sum of $254,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing November 15, 2004, and continuing until October 1, 2034, when all outstanding amounts are due and payable. A copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

4)   Movant qualifies as the Note holder with standing to prosecute the instant Motion as Lender indorsed the Note in blank, thereby converting the Note to a bearer instrument and Movant currently entitled to possession of the indorsed in blank Note.

5)   On or about September 15, 2004, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 19148 Connie Drive, Grass Valley, California 95949 ("Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 29, 2004, in the Official Records of Nevada County, State of California. A copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated herein by reference.

/./././

/./././

1      6)      Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated herein by reference.

      7)      The Debtors are in default of their obligations under the Note for failure to make payments as of December 1, 2009. As of December 6, 2010, the total amount owing under the Note is the approximate sum of $256,360.97, representing the principal balance of $235,338.46, interest in the sum of $14,522.29, escrow advances in the amount of $3,018.35, late charges in the amount of $512.75, other fees in the amount of $30.00, and a recoverable balance in the amount of $2,939.12. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

      8)      As a result of the default under the Note, a Notice of Default was recorded on March 12, 2010. Further, a Notice of Sale was recorded on June 14, 2010.

      9)      Movant has not received the post-petition payments owing for August 1, 2010 through December 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $8,863.70, consisting of five (5) payments of $1,772.74, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of the post-petition payment accounting pursuant to Local Rule 4001(d)(1) is attached to the Exhibits as exhibit D and incorporated herein by reference.

      10)      Pursuant to L.B.R. 4001(d)(2), on October 5, 2010, Movant caused a letter to be sent to Debtors' counsel and the Chapter 13 Trustee advising of the default, and providing an opportunity to cure the default. A copy of the default letter is attached to the Exhibits as exhibit E and incorporated herein by reference.

/././

/././

/./././

11) I am informed and believe that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is no more than $240,000.00 True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached to the Exhibits as exhibit F and incorporated herein by reference.

12) Based on the above, under the best case scenario, I am informed and believe that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $240,000.00 |
| Less: | |
| Movant's Trust Deed | $256,360.97 |
| Bank of America's Line of Credit | $50,000.00 |
| Bank of America's Line of Credit | $10.00 |
| John Doe's Home Equity Line | $10.00 |
| Warehouse Lender's Home Equity Line | $10.00 |
| Costs of Sale (8%) | $19,200.00 |
| Equity in the Property: | $<85,590.97> |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __13__ day of __1a_____, 2010, at Fort Mill, South Carolina.

_____
Teresa Diaz-Cochran

VP Loan Documentation

000014-122015908-M                                                10-37438