UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Sean Patrick Solomon and Karen J. Solomon | **Case No :** | 10−37438 − E − 13L |
| | | **Date :** | 3/8/11 |
| | | **Time :** | 2:30 |
| **Matter :** | [107] − Motion/Application for Relief from Stay [PD−1] Filed by Creditor Wells Fargo Bank, NA (Fee Paid $150) (jlns) [107] − Motion/Application for Adequate Protection [PD−1] Filed by Creditor Wells Fargo Bank, NA (jlns) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Creditor's Attorney − Matthew Clark
**Respondent(s) :**
         Debtor − Sean Patrick Solomon
         Joint Debtor − Karen J. Solomon

HEARING CONTINUED TO: 5/3/11 at 02:30 PM

The hearing was continued for the following reason(s):

Local Rule 9014−1(f)(1) Motion Opposition Filed.

Proper Notice Provided. The Proof of Service filed on December 16, 2010, states that the Motion and supporting pleadings were served on Debtors (pro se), Chapter 13 Trustee, other parties in interest, and Office of the United States Trustee. By the courts calculation, 33 days notice was provided.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). Debtors filed untimely opposition and did not seek leave to file untimely opposition.

The courts decision is to continue the hearing on the Motion for Relief from the Automatic Stay.

Wells Fargo Bank, N.A. seeks relief from the automatic stay with respect to the real property commonly known as 19148 Connie Drive, Grass Valley, California. The moving party has provided the Declaration of Teresa Diaz−Cochran to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by the Debtor.

The Debtors, appearing in pro se, filed an opposition to the Motion. The Opposition sets forth a number of grounds, some procedural, some asserting that the evidence is inaccurate or hearsay, and some asserting that the documents are invalid or void. The substance of the opposition is that the Debtors attack the validity of the underlying obligation and security agreement. Additionally, the Debtors note that the reference to this court has been withdrawn for the adversary proceeding in which the Debtors have challenged Wells Fargo Banks rights and interests.

Wells Fargos claim is the subject of an objection to claim filed by the Debtors. The court continued the hearing on that objection to March 8, 2011, pending the outcome of an adversary proceeding currently pending before the United States District Court for the Eastern District of California (No. 10−cv−02565−KJM−KJN (TEMP)).

The court having continued the objection to claim to allow Wells Fargo to prosecute its defense in the adversary proceeding which has been withdrawn to the District Court (as sought by Wells Fargo Bank), the court cannot

determine that cause exists to terminate the stay or that the Debtors do not have an equity in the property. Wells Fargo Bank has represented to this court that it has obtained a judgment on an identical complaint filed by the Debtors in another court, and that it anticipates a prompt dismissal of the withdrawn adversary proceeding. The motion to dismiss remains pending before the District Court.

In reviewing the Declaration of Teresa Diaz−Cochran filed in support of the Motion, the court noted the following. The Declaration has Ms. Diaz−Cochran testifying as to events relating to the execution of the note and deed of trust which predate any personal knowledge she has of the facts relating to the note. This issue has been addressed by counsel in other cases as a drafting structure issue which is being corrected in declarations going forward. However, the Declaration fails to state that the Movant owns the note or the basis by which it has the right to assert rights under the note. The declaration merely states that the deed of trust securing the note was assigned to Movant and that the Note is endorsed in blank. Wells Fargo addressed this issue to the courts stratification at the initial hearing on the motion.

Given that the outcome of this motion is inexorably bound to the outcome of the withdrawn adversary proceeding, the court will stay further proceedings in this matter pending the District Courts final decision in the withdrawn adversary proceeding (No. 10−cv−02565−KJM−KJN (TEMP)).

The docket for the matter pending in the District Court reflects that the motion by Wells Fargo and other defendants to dismiss that action was taken under submission on March 3, 2011. That matter being under submission, the court will continue the hearing on the Motion for Relief pending the outcome of the Motion in the District Court.