## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Sean Patrick Solomon and Karen J. Solomon | **Case No :** | 10−37438 − E − 13L |
| | | **Date :** | 3/29/11 |
| | | **Time :** | 01:30 |
| **Matter :** | [127] − Motion/Application to Confirm/Modify Chapter 13 Plan [SPS−11] Filed by Joint Debtor Karen J. Solomon, Debtor Sean Patrick Solomon (smis) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Debtor − Sean Patrick Solomon
**Respondent(s) :**
          Neil Enmark (for the Trustee)
(by phone)   Creditor's Attorney − Matthew Clark

MOTION was :
Denied
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014−1(f)(1) Motion Opposition Filed.

Proper Notice Not Provided. The Proof of Service filed on January 31, 2011, states that the Motion and supporting pleadings were served on Chapter 13 Trustee, some creditors, and Office of the United States Trustee. By the courts calculation, 57 days notice was provided.

The Motion to Confirm the Plan was not properly set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1), General Order 05−03, Paragraph 8(a), and Federal Rule of Bankruptcy Procedure 2002(b). The Trustee filed opposition. The court has determined that oral argument will not be of assistance in resolving this matter. No oral argument will be presented and the court shall issue its ruling from the pleadings filed by the parties.

The decision of the court is that Motion to Confirm the Amended Plan is denied. No appearance required.

11 U.S.C. § 1323 permits a debtor to amend a plan any time before confirmation. However, the Chapter 13 Plan, motion, and supporting pleadings were not served on all creditors as required by Federal Rule of Bankruptcy Procedure 2002(b), 3015(d), and General Order 05−03, Paragraph 8(a). This is cause to deny confirmation.

Further, the Chapter 13 Trustee opposes confirmation arguing that the Debtors failed to meet their burden of proving the requirements of confirmation. See Amfac Distribution Corp. v. Wolff (In re Wolff), 22 B.R. 510, 512 (9th Cir. B.A.P. 1982) (holding that the proponent of a Chapter 13 plan has the burden of proof as to confirmation). Such evidence, typically in the form of a Debtors Declaration proving the elements of 11 U.S.C. § 1325(a), is required. See Local Bankr. R. 9014−1(d)(6).

Moreover, Wells Fargo Bank, N.A. holds a deed of trust secured by the Debtors residence. The creditor has filed a timely proof of claim in which it asserts $16,740.50 of prepetition arrearage. The Plan does not propose to cure this arrearage. However, this claim is the subject of a suit which is currently pending before the District Court. Therefore, the court will reserve judgment on this element of the Chapter 13 Trustees opposition.

While the Plan makes reference to what appears to be a Wells Fargo Home Mortgage claim in Class 1 and Warehouse Lender Class 1 claim, no provision is made for payment of the claims if the Debtors are wrong in their dispute. The reference for this Adversary Proceeding in which this issue was being addressed has been withdrawn to the District Court. Even though it is withdrawn to the District Court, the Plan must still make provisions for the litigation, claim, and property for both if the Debtors are successful or unsuccessful in the litigation.

The amended Plan does not comply with 11 U.S.C. §§ 1322 and 1325(a) and is not confirmed.