## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Sean Patrick Solomon and Karen J. Solomon | **Case No :** | 10−37438 − E − 13L |
| | | **Date :** | 5/3/11 |
| | | **Time :** | 02:30 |

**Matter :** [57] − Objection to Claim of Wells Fargo Bank N.A., [SPS−7] Filed by Joint Debtor Karen J. Solomon, Debtor Sean Patrick Solomon (kwis)

**Judge :** Ronald H. Sargis
**Courtroom Deputy :** Janet Larson
**Reporter :** Diamond Reporters
**Department :** E

**APPEARANCES for :**
**Movant(s) :**
    Debtor − Sean Patrick Solomon
    Joint Debtor − Karen J. Solomon
**Respondent(s) :**
(by phone)    Creditor's Attorney − Matthew Clark

HEARING CONTINUED TO: 6/21/11 at 02:30 PM

The hearing was continued for the following reason(s):

Local Rule 3007−1(c)(2) Motion.

Proper Notice Not Provided. The Proof of Service filed on September 20, 2010, states that on September 17, 2010, the Motion and supporting pleadings were served on Debtor (pro se), Debtors Attorney, Chapter 13 Trustee, other parties in interest, and Office of the United States Trustee. By the courts calculation, 32 days notice was provided.

The notice of hearing indicates that written opposition to this matter was required. However, this objection to a proof of claim was set on less than 44 days notice, therefore written opposition is not required. Local Bankr. R. 3007−1(c)(2). The court will consider the matter pursuant to Local Bankruptcy Rule 3007−1(c)(2).

This Objection to a Proof of Claim has been set for hearing on the notice required by Local Bankruptcy Rule 3007−1(c)(1) and General Order 05−03, Paragraph 6(c). Consequently, the creditors, the Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion. Wells Fargo filed written opposition.

The courts decision is to set a scheduling conference for 2:30 p.m. on June 21, 2011. The parties shall file proposed discovery deadlines and a dispositive motion deadline on or before June 10, 2011. Oral argument may be presented by the parties at the scheduled hearing, where the parties shall address the issues identified in this tentative ruling and such other issues as are necessary and appropriate to the courts resolution of the matter. If the courts tentative ruling becomes its final ruling, the court will make the following findings of fact and conclusions of law:

The Proof of Claim at issue, listed as claim number 2 on the courts official claims registry, asserts $247,809.10 secured claim. The Debtors object to the Claim on the basis that Wells Fargo Bank, N.A. has not shown it is entitled to enforce the rights under the note. Debtors have also filed an adversary proceeding (No. 10−02470−E) which seeks to determine the validity of the lien. The United States District Court for the Eastern District of California has withdrawn the reference with respect to the adversary proceeding, depriving this court of jurisdiction to hear the adversary proceeding. See Order, Dec. 13, 2010, E.D. Cal. No. 2:10−cv−02565−JAM−KJM; see also Fain v. Steinberg (In re Aquatic Ventures, Inc.), No. WW−07−1411−JuKPa, 2008 Bankr. LEXIS 4747, *14−*15 (B.A.P. 9th Cir. May 29, 2008); Patterson v. Williamson, 153 B.R. 32, 33 (E.D. Va. 1993).

The docket for the matter pending in the District Court reflects that the motion by Wells Fargo and other defendants to dismiss that action was taken under submission on March 3, 2011. The magistrate judge assigned to the case, Hon. Kendall Newman, entered findings and recommendations in that matter on March 30, 2011. Judge Newman recommended that Wells Fargos Rule 12(b)(6) motion be granted and the case dismissed with prejudice. (E.D. Cal. No. 10−cv−02565−KJM−KJN Dckt. 52.) However, before District Judge Mueller could review the recommendations, Debtors voluntarily dismissed the case without prejudice. Judge Newmans recommendation was based on his determination that the doctrine of claim preclusion applied to the claims offered in the suit. As previously noted by the court, the claims offered by the adversary proceeding were intertwined with the theory underpinning Debtors objection to the proof of claim fraud in the origination of the loan and transfer of the note and beneficial interest in the trust deed.

The objection to claim states the following grounds:

a. Wells Fargo knowingly and allegedly holds a worthless note separate from the deed of trust.

b. E−Loans, Wells Fargo, and MERS created a series of undisclosed fraudulent transactions and failed to provide a loan as promised.

c. Debtors believed that they were entering int a typical California Residential Mortgage in which the lender would hold security for the loan.

d. Debtors did not know that they would be used like chips in a back alley poker game and their note would be sold again and again by Wall Street.

e. Debtors loan was sold into securitized pools, trust, and tranches.

f. The loan desired by Debtors was not provided.

g. The Debtors sent a letter of rescission (but do not allege that they have tendered back the money they borrowed as part of the rescission).

h. When the securitized pools were set up, bonds were issued to generate the funds for the loans. The bond provided for conveyance of the ownership of the note.

The Objection to Claim is 36 pages of disjointed contentions and allegations. Though long on argument, it is short of asserting any law concerning the negotiability of secured promissory notes. The Debtors request that the court (1) deny the Wells Fargo Claim, (2) issue an order to show cause against Wells Fargo, and (3) issue a mandatory injunction (for which an adversary proceeding is required, Fed. R. Bankr. P. 7001) for Wells Fargo to prove they have standing to conduct a trustees sale.

Proceeding with an objection to claim is relevant so long as there is a bankruptcy case being prosecuted for it to have meaning. The court has granted Wells Fargo relief from the automatic stay to enforce whatever rights it has the note and trust deed. The court has found that the Debtors have not been prosecuting a reorganization in this Chapter 13 case (and making provision for properly paying the claim pending resolution of the adversary proceeding), but merely obtaining a free injunction through the automatic stay in lien of complying with Federal Rule of Civil Procedure 65. The Chapter 13 Trustee has filed a motion to dismiss this case which is set for hearing on June 8, 2011. The ground is the Debtors failure to propose a Fourth Amended Plan. The Debtors must not merely file a new plan, but must propose a plan in good faith which complies with the Bankruptcy Code and properly provides for creditor claims (with the payments held in a blocked account pending resolution of any disputes) if they want the continued benefit of the automatic stay. Otherwise, they have the right to proceed like any other litigant in either District Court or state court.

The court, pursuant to its authority under Federal Rule of Bankruptcy Procedure 9014(c), makes Federal Rules of Bankruptcy Procedure 7009 and 7012 applicable to all proceedings relating to this objection to claim. To the extent that the issues raised in this objection to claim have already been addressed by a final ruling and may not be re−litigated may be properly be addressed under Rule 7012.